USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 2/10/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, ET AL.,

                  Petitioners,

-against-

EARTH CONSTRUCTION CORP.,

                  Respondent.

19-CV-5411 (ALC)

**OPINION & ORDER**

**ANDREW LARTER, JR., United States District Judge:**

    Petitioners, Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the New York City and Vicinity Carpenters Labor Management Corporation, and the New York City District Council of Carpenters ("Petitioners" or "Funds") seek confirmation of an arbitration award entered against Respondent Earth Construction Corp. Petitioners also seek attorneys' fees in connection with this proceeding. Respondent did not answer the petition, or otherwise move with respect to the petition. For the reasons set forth below, the petition is **GRANTED**.

## BACKGROUND

    Respondent performed work on public projects for the New York City School Construction Authority ("SCA"). *See* Petition to Confirm an Arbitration Award ("Pet."), Ex. B. On March 9, 2012, Respondent became a member of the Building Contractors Association, Inc. (the "BCA") and, as a member of the BCA, Respondent was bound to a collective bargaining agreement ("CBA") that required Respondent to remit contributions to the Funds for all of its employees within the trade and geographical jurisdiction of the CBA. *Id.* at ¶14. The CBA also required that

Respondent make its books and records available for audit. *Id.* at ¶15. Finally, the CBA provided that either party may seek to arbitrate disputes or disagreements concerning payments to the Funds before an impartial arbitrator. *Id.* at ¶17.

Pursuant to the CBA, Petitioners conducted an audit of Respondent's books and records for the period from October 14, 2010 until March 23, 2016. *Id.* at ¶21. This audit revealed that Respondent failed to remit all of the required contributions to the Funds. Accordingly, Petitioners initiated arbitration and the arbitrator held a hearing and rendered his award on September 25, 2018. *Id.* at ¶23–24. The arbitrator ordered Respondent to pay the Fund $132,325.46.[1] The arbitrator also found that 7% interest would accrue on the award from the date of issuance. *Id.* at 26. To date, Respondent has not paid any portion of the award.

On June 10, 2019, Petitioners filed the instant petition to confirm arbitration. ECF No. 1. After Respondent did not answer the petition, the Court issued an Order to Show Cause as to why the petition should not be deemed an unopposed motion for summary judgment. ECF No. 10. To date, Respondent have failed to respond, and the motion is deemed unopposed.

### Legal Standard

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. provides a "streamlined" process for parties seeking "a judicial decree confirming an award." *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "[D]efault judgments in the confirmation/vacatur [of arbitration] proceedings are generally

---

[1] Specifically, the arbitrator awarded a principle deficiency of $49,516.77, total interest of $13,278.18, liquidated damages of $14,377.99, late payment interest of $856.39, non-audit late payment interest of $484.50, promotional funds of $1,631.20, additional shortage principal of $32,725.59, additional interest and liquidated damages on these shortages of $4,149.37 and $6,545.12, respectively, additional shortages of promotional funds of $175.38, additional principal discrepancies of $315.87, additional interest and liquidated damages on these discrepancies of $59.03 and $77.18, respectively, court costs of $400, attorneys' fee of $1,500, the arbitrator's fee of $500, and audit costs of $5,732.89.

2

inappropriate." *D.H. Blair*, 462 F.3d at 109. Instead, the court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court." *Id.* at 110 (quotation marks and citations omitted). Courts must give great deference to an arbitrator's decision. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

Courts in this circuit evaluate unopposed motions to confirm an arbitration award under the same legal standard as a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all facts "in the light most favorable" to the non-moving party and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Tolan v. Cotton*, 572 U.S. 650 (2014) (citations omitted). When evaluating an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004)). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). "In a case involving a collective bargaining agreement, the Court evaluates whether the arbitrator acted within the scope of his authority, and an award will be confirmed as long as it

3

draws its essence from the collective bargaining agreement." *Dolan v. Barile Mech., Inc.*, 933 F. Supp. 2d 634, 638 (S.D.N.Y. 2013) (collecting cases) (citations and quotation marks omitted).

## DISCUSSION

### I. Confirmation of the Award

The Court confirms the arbitration award in its entirety. As Petitioners have demonstrated, there is no dispute as to material issues of fact. The arbitrator acted within the scope of his authority as authorized under the CBA that Respondent was bound by, and the arbitrator found that "[t]he testimony of the auditor employed by the Petitioners, established that an audit of the books and records of the Respondent had been performed and delinquencies were discovered in the amount of contributions due the aforesaid Funds during the period of 10/14/2010 through 3/23/2016." Pet., Ex. H at 2. The arbitrator's award regarding interest, liquidated damages, non-audit late payment interest, assessments to the promotional fund, attorneys' fees and court costs is supported by the CBA. Therefore, there is at least a "barely colorable" justification for each component of the arbitrator's award. *D.H. Blair*, 462 F.3d at 104. Accordingly, the Court confirms the award in favor of Petitioners for a total amount of $132,325.46.

### II. Interest

Petitioners also seek pre-judgment interest at the rate of 7% (the rate prescribed by the arbitrator) and post-judgment interest. In the context of actions to confirm arbitration awards, there is "a presumption in favor of prejudgment interest." *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984). As for post-judgment interest, federal law provides a standard formula for calculating interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting

cases). Accordingly, § 1961 applies to actions to confirm arbitration. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). Therefore, the Court awards both pre-judgment interest and interest to accrue from the date judgment is entered until payment is made.

### III. Attorneys' Fees

Petitioners also request fees and costs incurred in filing and prosecuting the instant Petition. In actions to confirm arbitration awards, it is well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (quotation omitted). Additionally, Petitioners are authorized to receive reasonable attorneys' fees and costs under both the CBA and ERISA. *See* 29 U.S.C. § 1332(g); Pet. at ¶29.

Here, Respondent has neither complied with the arbitration award nor offered any justification for its failure to do so. Given Respondent's failure to appear for arbitration and in this matter, and Respondent's failure to show good cause for its failure to abide by the arbitrator's award, an award of reasonable attorney's fees is an appropriate equitable remedy. *See, e.g., Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund, Charity Fund v. Dedicated Indus. LLC*, No. 14-CV-7610, 2015 WL 4503695, at *5 (S.D.N.Y. July 23, 2015) ("In the circumstances of this case, an award of reasonable attorney's fees and costs is appropriate. By agreeing to be bound by the CBA . . . Respondent agreed to submit to binding arbitration to resolve disputes arising under it.").

"The starting point for calculating a 'presumptively reasonable fee' is the 'lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case.'"

*Trustees of New York City Dist. Council of Carpenters Pension Fund v. Richie Jordan Constr. Inc.*, No. 15-CV-3811, 2015 WL 7288654, at *4 (S.D.N.Y. Nov. 17, 2015) (quotation omitted). Petitioners request $3,487.50 in attorneys' fees and $75 in costs. Counsel for Petitioners billed at an hourly rate of $350 for "Of Counsel," $300 for partners, and $275 for associate attorneys. These rates are reasonable and analogous to the amounts granted by courts in this district. *See, e.g., Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Bronx Base Builders, Ltd.*, No. 15-CV-4438, 2016 WL 3636669, at *4 (S.D.N.Y. June 29, 2016). Counsel for Petitioners spent a total of 12.6 hours on this case and requests $75 in costs. These amounts are also reasonable and analogous to the amounts granted by courts in this district. *See e.g., Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Harbor Island Contracting Inc.*, No. 14-CV-9507, 2015 WL 5146093, at *3 (S.D.N.Y. Aug. 31, 2015). Accordingly, Petitioners' request for attorneys' fees and costs is granted.

## CONCLUSION

For the reasons set forth above, Petitioners' motion to confirm the arbitration award is **GRANTED**. The Clerk of Court is directed to award judgment in favor of the Petitioners and against Respondent in the amount of $132,325.46 pursuant to the September 25, 2018 arbitration award, with pre-judgment interest on the award at the rate of 7% and post-judgment interest to accrue pursuant to 28 U.S.C. § 1961. Petitioners are also awarded $3,487.50 in attorneys' fees and $75 in costs.

**SO ORDERED.**

Dated:  February 10, 2020
         New York, New York

---
**ANDREW L. CARTER, JR.**
**United States District Judge**